**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| DORIS MORRIS,<br><br>     Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>     Defendant. | No. ED CV 09-1255-PLA<br><br>**MEMORANDUM OPINION AND ORDER** |

**I.**

**PROCEEDINGS**

  Plaintiff filed this action on July 9, 2009, seeking review of the Commissioner's denial of her application for Supplemental Security Income payments.  The parties filed Consents to proceed before the undersigned Magistrate Judge on August 20, 2009, and August 21, 2009.  The parties filed a Joint Stipulation on January 4, 2010, that addresses their positions concerning the disputed issues in the case.  The Court has taken the Joint Stipulation under submission without oral argument.

/

/

## II.

## BACKGROUND

Plaintiff was born on May 23, 1955.  [Administrative Record ("AR") at 84.]  She completed the eleventh grade [AR at 65], and has past relevant work experience as a brick stacker.  [AR at 66-68.]

On April 28, 2006, plaintiff applied for Supplemental Security Income payments, claiming an inability to work since March 1, 1998,[1] due to, among other things, chronic back pain.  [AR at 10, 12-14, 101-06, 122.]  After her application was denied initially and upon reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  [AR at 10, 86-96.]  Hearings were held on September 10, 2008, and November 18, 2008, at which plaintiff appeared with counsel and testified on her own behalf.  [AR at 50-81.]  A vocational expert also testified.  [AR at 68, 79-80.]  On December 23, 2008, the ALJ determined that plaintiff was not disabled.  [AR at 10-16.]  When the Appeals Counsel denied plaintiff's request for review of the hearing decision on May 14, 2009, the ALJ's decision became the final decision of the Commissioner.  [AR at 1-3.]  This action followed.

## III.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards.  Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at 1257.

---

[1]   Plaintiff later amended the onset date to April 28, 2006, the date she filed her application for Supplemental Security Income payments.  [AR at 10.]

1   When determining whether substantial evidence exists to support the Commissioner's decision, the
2   Court examines the administrative record as a whole, considering adverse as well as supporting
3   evidence.  Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).
4   Where the evidence is susceptible to more than one rational interpretation, the Court must defer
5   to the decision of the Commissioner.  Moncada, 60 F.3d at 523; Andrews v. Shalala, 53 F.3d 1035,
6   1039-40 (9th Cir. 1995); Drouin, 966 F.2d at 1258.

7

8                                              **IV.**

9                            **THE EVALUATION OF DISABILITY**

10          Persons are "disabled" for purposes of receiving Social Security benefits if they are unable
11   to engage in any substantial gainful activity owing to a physical or mental impairment that is
12   expected to result in death or which has lasted or is expected to last for a continuous period of at
13   least twelve months.  42 U.S.C. § 1382c(a)(3)(A); Drouin, 966 F.2d at 1257.

14

15   **A.      THE FIVE-STEP EVALUATION PROCESS**

16          The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing
17   whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821,
18   828 n.5 (9th Cir. 1995, as amended April 9, 1996).  In the first step, the Commissioner must
19   determine whether the claimant is currently engaged in substantial gainful activity; if so, the
20   claimant is not disabled and the claim is denied.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If
21   claimant is not currently engaged in substantial gainful activity, the second step requires the
22   Commissioner to determine whether the claimant has a "severe" impairment or combination of
23   impairments significantly limiting her ability to do basic work activities; if not, a finding of
24   nondisability is made and the claim is denied.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If
25   claimant has a "severe" impairment or combination of impairments, the third step requires the
26   Commissioner to determine whether the impairment or combination of impairments meets or equals
27   an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P,
28   Appendix 1; if so, disability is conclusively presumed and benefits are awarded.  20 C.F.R. §§

404.1520(d), 416.920(d).  If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" ("RFC")[2] to perform her past work; if so, the claimant is not disabled and the claim is denied.  20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).  The claimant has the burden of proving that she is unable to perform past relevant work.  Drouin, 966 F.2d at 1257.  If the claimant meets this burden, a prima facie case of disability is established.  The Commissioner then bears the burden of establishing that the claimant is not disabled, because she can perform other substantial gainful work available in the national economy.  The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520(g), 416.920(g); Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

**B.    THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

In this case, at step one, the ALJ found that plaintiff has not engaged in any substantial gainful activity since April 28, 2006, the alleged onset date of the disability. [AR at 12.] At step two, the ALJ concluded that plaintiff has the "severe" impairments of lumbosacral strain and degenerative disc disease.  [AR at 12.]  At step three, the ALJ determined that plaintiff's impairments do not meet or equal any of the impairments in the Listing.  [AR at 12-13.]  The ALJ further found that plaintiff retained the residual functional capacity ("RFC") to perform the full range of medium work.[3] [AR at 13-14.] At step four, the ALJ concluded that plaintiff is unable to perform her past relevant work.  [AR at 15.]  At step five, using the Medical-Vocational Rules as a framework and the vocational expert's testimony, the ALJ concluded that plaintiff is "capable of making a successful adjustment to other work that exist[s] in significant numbers in the national

---

[2]    RFC is what a claimant can still do despite existing exertional and nonexertional limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[3]    Medium work is defined as work involving "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c). If a plaintiff is able to perform medium work, he or she is also deemed able to perform sedentary and light work. See id.

4

economy." [AR at 15-16.] Accordingly, the ALJ determined that plaintiff is not disabled. [AR at 16.]

**V.**

**THE ALJ'S DECISION**

Plaintiff contends that the ALJ failed to properly (1) consider all of the relevant medical evidence of record; and (2) assess plaintiff's credibility. [Joint Stipulation ("JS") at 3-4, 7-10.] As set forth below, the Court agrees with plaintiff that the ALJ did not make a proper credibility determination, and remands the matter for further proceedings.

**PLAINTIFF'S CREDIBILITY**

Plaintiff contends that the ALJ failed to properly consider plaintiff's subjective complaints and failed to make proper credibility findings. [JS at 7-10.] Whenever an ALJ discredits a claimant's testimony regarding subjective symptoms, including degree of pain and functional limitations, the ALJ must make explicit credibility findings. See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); see also Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993) (if the ALJ does not accept a claimant's testimony, he must make specific findings rejecting it). The ALJ can reject a claimant's allegations "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003); see Lester, 81 F.3d at 834 (the ALJ must provide clear and convincing reasons for discrediting a claimant's testimony as to severity of symptoms when there is medical evidence of an underlying impairment). The factors to be considered in weighing a claimant's credibility include: (1) the claimant's reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and her conduct; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); see also 20 C.F.R. §§ 404.1529(c), 416.929(c). "It is not sufficient for the ALJ to make only general findings." Dodrill, 12 F.3d at 918. Absent evidence showing that a plaintiff is malingering, the ALJ "must state specifically which symptom testimony is not credible and

1    what facts in the record lead to that conclusion." Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir.

2    1996) (citing Dodrill, 12 F.3d at 918).  If properly supported, the ALJ's credibility determination is

3    entitled to "great deference."  See Green v. Heckler, 803 F.2d 528, 532 (9th Cir. 1986).

4         Here, because the ALJ made no finding that the plaintiff was malingering, the ALJ was

5    required to justify his credibility determination with clear and convincing reasons.  See Benton, 331

6    F.3d at 1040.  Despite finding that plaintiff's medical impairments "could reasonably be expected

7    to cause the alleged symptoms," the ALJ found plaintiff's "statements concerning the intensity,

8    persistence and limiting effects" of her symptoms to be not entirely credible.  [AR at 14.]  The ALJ

9    discredited plaintiff's subjective symptoms because he found that (1) her testimony was "not

10   supported [by] and [was] inconsistent with objective findings"; (2) "her complaints were inconsistent

11   with signs and findings"; and 3) she received "conservative and non-aggressive" treatment.  [AR

12   at 15.]  As discussed below, the Court has considered the ALJ's reasons for discrediting plaintiff's

13   subjective symptoms, and finds that they are neither clear nor convincing.

14        An ALJ cannot rely solely on an absence of supporting objective medical findings to reject

15   a plaintiff's credibility.   See Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991) (an

16   "adjudicator may not discredit a claimant's testimony of pain and deny disability benefits *solely*

17   because the degree of pain alleged by the claimant is not supported by objective medical

18   evidence.") (emphasis added).  A claimant need not produce evidence of pain other than her own

19   subjective testimony. Smolen, 80 F.3d at 1282 ("The claimant need not produce objective medical

20   evidence of the pain or fatigue itself, or the severity thereof.").  Nor must a claimant present

21   objective medical evidence of a causal relationship between the impairment and the type of

22   symptom.  See id. at 1282; see also Johnson v. Shalala, 60 F.3d 1428, 1433 (9th Cir. 1995)

23   ("[O]nce an impairment is medically established, the ALJ cannot require medical support to prove

24   the severity of the pain.").  Rather, the claimant need only "produce objective medical evidence of

25   an underlying impairment which could reasonably be expected to produce the pain or other

26   symptoms alleged." Bunnell, 947 F.2d at 344 (internal quotations omitted).  This approach reflects

27   the Ninth Circuit's recognition of the "highly subjective and idiosyncratic nature of pain and other

28

1   such symptoms," such that "[t]he amount of pain caused by a given physical impairment can vary

2   greatly from individual to individual." Smolen, 80 F.3d at 1282 (internal quotations omitted).

3        The record documents plaintiff's consistent complaints of back pain radiating down both

4   legs, limiting her ability to sit or stand for long periods of time.  [See, e.g., AR at 71-76, 129-31,

5   152-54, 325-26.] The objective medical evidence demonstrates impairments in plaintiff's spine and

6   left knee as well as decreased bone density.  [See, e.g., AR at 165, 166, 190, 226, 230, 268, 275.]

7   Because plaintiff produced medical evidence of underlying impairments that the ALJ determined

8   could reasonably be expected to cause her alleged symptoms, objective medical findings are not

9   required to support their alleged severity.  Bunnell, 947 F.2d at 344-45.  Thus, a lack of

10  corroborating objective evidence was an insufficient reason, on its own, for the ALJ to find plaintiff

11  incredible.  As discussed below, no other valid reasons were properly supported by the ALJ.

12       The ALJ's assertion that plaintiff's testimony and complaints were "inconsistent" with signs

13  and findings is inadequate to undermine plaintiff's credibility.  Although "[c]ontradiction with the

14  medical record is a sufficient basis for rejecting the claimant's subjective testimony," Carmickle v.

15  Commissioner of Social Security Administration, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing

16  Johnson, 60 F.3d at 1434), here the ALJ did not explain how any of plaintiff's specific testimony or

17  complaints was supposedly "inconsistent" with any objective evidence.  [See AR at 13-15.]  The

18  ALJ merely summarized the medical evidence and drew a conclusion as to plaintiff's credibility

19  without providing any analysis.  Moreover, the evidence that the ALJ summarized is not necessarily

20  inconsistent with plaintiff's subjective testimony.  For example, clinicians' observations of plaintiff's

21  ability to walk with a normal gait, sit comfortably for an examination of unspecified duration, get on

22  and off an examination table without difficulty, and tolerate palpation of her lumbar spine, do not

23  necessarily conflict with her testimony that she is able to sit or walk only for 45 minutes to one hour

24  at a time and needs to change her position frequently due to pain.[4]  [See id.]  Because the ALJ did

25

26       [4]  Other clinical reports conflicted with some of these observations cited by the ALJ.  For
    example, at a physical therapy evaluation in March 2007, plaintiff's spine was tender to palpation
27  and she exhibited an antalgic gait.  [AR at 325-26.]  The ALJ may not selectively review the
    treating records to justify his decision.  See Gallant v. Heckler, 753 F.2d 1450, 1455-56 (9th Cir.
28  1984) (An ALJ "cannot reach a conclusion first, and then attempt to justify it by ignoring competent

1  not provide clear and convincing reasons for characterizing plaintiff's testimony as inconsistent with

2  the medical evidence, the ALJ's adverse credibility finding cannot be sustained on this basis.

3      The only other reason provided by the ALJ for finding plaintiff incredible is his finding that

4  "her treatment has been conservative and non-aggressive." [AR at 15.]  An ALJ may rely on a

5  claimant's conservative treatment regimen to reject a claimant's testimony of disabling limitations

6  or disabling pain.  See Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989) (an ALJ may rely on a

7  claimant's conservative treatment regimen to reject a claimant's testimony of disabling limitations

8  or disabling pain); see also Johnson, 60 F.3d at 1434 (that the claimant received only conservative

9  treatment for back injury is a clear and convincing reason for disregarding testimony that the

10  claimant is disabled).  Here, however, the ALJ did not provide any reasons for his characterization

11  of plaintiff's treatment regimen as "conservative and non-aggressive."  Because of her back pain,

12  plaintiff has attended numerous doctors' appointments, been prescribed multiple medications,

13  undergone several diagnostic procedures, received epidural injections, and visited the emergency

14  room.  [See, e.g., AR at 13, 71-72, 165, 166, 176, 180, 182, 183, 213, 224, 226, 229, 230, 244,

15  268, 275, 323-26, 366, 386-88.]  In addition, plaintiff twice attempted, but could not fully tolerate,

16  a diagnostic diskography procedure.  [AR 226, 244, 250, 280, 323.]  Plaintiff also attempted

17  physical therapy, but she was hypersensitive to palpation and could not sufficiently tolerate the

18  testing to enable the therapist to make an accurate assessment.  [AR at 325-26.]  The ALJ did not

19  mention any more aggressive treatment options that were suggested or prescribed to plaintiff that

20  she refused.  Accordingly, the ALJ's bald assertion that plaintiff's treatment was "conservative and

21  non-aggressive" does not constitute a clear and convincing reason sufficient to support an adverse

22  credibility finding.

23      "While an ALJ may certainly find testimony not credible and disregard it . . . , [courts] cannot

24  affirm such a determination unless it is supported by specific findings and reasoning."  Robbins v.

25  Social Security Administration, 466 F.3d 880, 884-85 (9th Cir. 2006).  The ALJ erred by failing to

26  /

27  _____

28  evidence in the record that suggests an opposite result.").

1    provide clear and convincing reasons for discounting plaintiff's subjective testimony.  Remand is

2    warranted on this issue.[5]

3

4                                              **VI.**

5                          **REMAND FOR FURTHER PROCEEDINGS**

6            As a general rule, remand is warranted where additional administrative proceedings could

7    remedy defects in the Commissioner's decision.  See Harman v. Apfel, 211 F.3d 1172, 1179 (9th

8    Cir. 2000), cert. denied, 531 U.S. 1038 (2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).

9    In this case, remand is appropriate in order to properly consider plaintiff's credibility.  The ALJ is

10   instructed to take whatever further action is deemed appropriate and consistent with this decision.

11   Accordingly, **IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **granted**; (2) the

12   decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant for further

13   proceedings consistent with this Memorandum Opinion.

14           **This Memorandum Opinion and Order is not intended for publication, nor is it**

15   **intended to be included in or submitted to any online service such as Westlaw or Lexis.**

16

17

18   DATED: April 26, 2010                     _____

19                                                    PAUL L. ABRAMS
                                                 UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28       [5]    In light of the Court's remand order, the Court does not address plaintiff's remaining
     contention of error.

9